# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 15, 2013

Lyle W. Cayce
Clerk

No. 12-50284
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO ADELSON GIRON, also known as Sergio Diaz, also known as Sergio
Giron, also known as Sergio A. Giron-Diaz, also known as Sergio A. Giron, also
known as Sergio Diaz-Giron, also known as Adelson Giron, also known as Sergio
Adelson Giron-Diaz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-487-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sergio Adelson Giron challenges the substantive reasonableness of the 46-
month within-guidelines sentence imposed following his guilty plea conviction
of illegal reentry into the United States. Because Giron's sentence falls within
the applicable guidelines range, it "is presumptively reasonable." *United States
v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S. 338, 347 (2007) (upholding the application of the presumption of reasonableness to sentences within a properly calculated guidelines range). He concedes that this court utilizes the presumption of reasonableness for sentences determined under U.S.S.G. § 2L1.2 and that this court has held that failure to object to the substantive reasonableness of a sentence in the district court results in plain error review. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). However, he raises both of those issues to preserve them for possible further review.

This court has rejected Giron's arguments that sentences determined under§ 2L1.2 are unreasonable because § 2L1.2 is not empirically grounded and because prior convictions may count toward both offense level and criminal history category calculations. *See Duarte*, 569 F.3d at 529-31. With regard to his contention that the district court failed to account sufficiently for his particular circumstances in its 18 U.S.C. § 3553(a) analysis, he brought these circumstances to the attention of the district court, and this court recognizes that "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Whether we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Giron has shown no error, plain or otherwise.

AFFIRMED.